UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS AZZILONNA,

    Plaintiff,

v.                                              Case No.:   2:24-cv-955-SPC-DNF

FIRST COMMUNITY
INSURANCE COMPANY,

    Defendant.

## OPINION AND ORDER

Before the Court is Defendant First Community Insurance Company's Motion for Summary Judgment. (Doc. 28). Plaintiff Louis Azzilonna failed to timely respond, so the motion is treated as unopposed. (Doc. 35); M.D. Fla. R. 3.01(d) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). For the following reasons, the Court grants Defendant's motion for summary judgment.

### Background

This breach of insurance contract action arises from flood damage to Plaintiff's property caused by Hurricane Ian. (Doc. 9). Defendant is a write-your-own program carrier participating in the National Flood Insurance Program ("NFIP"). It issued Plaintiff a Standard Flood Insurance Policy ("SFIP") effective at the time of loss, with building coverage up to $250,000 and

contents coverage of $100,000. On September 28, 2022, Hurricane Ian made landfall in southwest Florida. The hurricane caused flood-related damage to Plaintiff's property, and he reported the loss to Defendant. Defendant acknowledged the flood claim and assigned an independent adjuster.

Based on the adjuster's investigation, Defendant determined that Plaintiff was entitled to $142,014.55 for building damages and issued payment to Plaintiff in that amount. (Doc. 28-1 ¶ 14; Doc. 28-7). On August 9, 2024, Defendant received Plaintiff's proof of loss seeking payment of $268,114.93. (Doc. 28-1 ¶ 15). Defendant denied Plaintiff's claim for additional payment that same day. (Doc. 28-9).

**Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a material fact is in genuine dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears the initial burden to show a lack of genuinely disputed material fact. *Clark v. Coats & Clark,* 929 F.2d 604, 608 (11th Cir. 1991). If carried, the burden shifts to the nonmoving party to point out a

2

genuine dispute. *Id.* At this stage, a court views all facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Florida*, 285 F.3d 1339, 1341–42 (11th Cir. 2002).

## Analysis

Defendant argues that Plaintiff is barred from receiving additional policy benefits because he failed to timely submit a proof of loss, thereby failing to satisfy conditions precedent for the claim. (Doc. 28). "Satisfaction of the proof of loss requirement is a condition precedent to recovery under a SFIP, which must be strictly construed." *Greer v. Owners Ins.*, 434 F. Supp. 2d 1267, 1276 (N.D. Fla. 2006) (citations omitted); *see also Sun Ray Vill. Owners Ass'n v. Old Dominion Ins. Co.*, 546 F. Supp. 2d 1283, 1289 (N.D. Fla. 2008) (citing *Sanz v. United States Security Ins. Co.*, 328 F.3d 1314, 1318 (11th Cir. 2003) ("Strict adherence to the proof of loss requirements is a condition precedent to recovery under the SFIP."). Generally, a claimant must submit a proof of loss within sixty days of the date of loss. 44 C.F.R. Pt. 61, App. A(1), Art. VII(G)(4). However, following Hurricane Ian, FEMA extended the proof-of-loss submission deadline to 365 days after the loss.[1] *See* FEMA Bulletin W-22012 (October 6, 2022); (Doc. 28-5).

---

[1] FEMA Bulletin W-22012 also waived the proof-of-loss requirement but only to the extent the policyholder does not dispute the amount in the adjuster's report. Plaintiff clearly disputes such amount (given he filed this action), so he needed to file a proof of loss for any unpaid amounts. *See* FEMA Bulletin W-22012 (explaining when the policyholder disagrees with the adjuster's report, "the policyholder must provide their NFIP insurer with a signed

3

Hurricane Ian damaged Plaintiff's property on September 28, 2022. Thus, the deadline for Plaintiff to submit his proof of loss was September 28, 2023. But Plaintiff did not submit his proof of loss until August 9, 2024—almost a year beyond the deadline to do so. As such, he cannot collect any further policy benefits, and Defendant is entitled to summary judgment. *See Blocdahl Leasing, LLC v. Am. Strategic Ins. Corp.*, No. 2:23-CV-776-SPC-KCD, 2024 WL 5202783, at *3 (M.D. Fla. Dec. 23, 2024) (granting the defendant summary judgment because the plaintiff failed to submit a signed proof of loss for additional benefits within 365 days of Hurricane Ian).

Accordingly, it is now **ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. 28) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter judgment for Defendant and against Plaintiff, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 22, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

proof of loss"); *see also Shuford v. Fid. Nat. Prop. & Cas. Ins.*, 508 F.3d 1337, 1342 (11th Cir. 2007) ("The waiver dispenses with the need for a proof of loss when the adjuster's report is uncontested, but later language in the waiver establishes that a proof of loss is necessary for a contested claim.").